IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

LISA TURNER,                    }
                                }
        Plaintiff               }
                                }
    vs.                         }        CIVIL ACTION NO.
                                }
                                }        97-TMP-2821-M
THE CITY OF ATTALLA, a          }
municipal corporation, ET       }
AL.,                            }
                                }
        Defendants              }

**ENTERED**

**NOV 3  1997**

### MEMORANDUM OPINION

The overlapping requests by plaintiff, Lisa Turner, for a temporary restraining order and for a preliminary injunction were granted on expedited hearing and were heard on October 31, 1997.

On the pleadings, on the evidence presented and on the arguments of counsel, the court cannot find the likelihood of the ultimate granting of permanent injunctive relief that is one of the prerequisites to the granting of interim injunctive relief under Rule 65, F.R.Civ.P.  The court has serious doubts about plaintiff's entitlement to procedural due process before the job transfer of which she complains.  The court has even more serious doubts about the availability in this case of the concept of "substantive due process," arguably the functional equivalent of "fair treatment." The argument that the Fourteenth Amendment stands in the way of the right of a municipality to be unfair, or what a jury might find to

1

be "arbitrary and capricious," was severely limited by *Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1590 (11th Cir. 1989). It may be true that this municipal defendant, City of Attalla, vis-a-vis Lisa Turner, did not follow the strange procedure its Council created in 1980 and has never followed since, but 42 U.S.C. § 1983 was not designed to anoint federal courts with jurisdiction to require municipalities to obey their own rules, especially rules that, as here, may very well themselves be invalid under state law.

For good reason the United States District Court for the Northern District of Alabama has provided that a certain percentage of civil cases be assigned to its magistrate judges who are instructed to handle all matters in those cases over which they can assert jurisdiction, that is, unless the parties agree to full jurisdiction in the magistrate judge. Because evidence taken at a hearing on application for preliminary injunction can be considered when making ultimate findings, the court reporter shall transcribe the hearing of October 31, 1997, and make it available to Magistrate Judge T. Michael Putnam to whom this case is still assigned. The cost of said transcript shall be taxed as part of the court costs. How this court's rule of assignment of cases to magistrate judges will work in cases involving requests for injunctive relief remains to be seen.

An appropriate, separate order will be entered.

2

DONE this _3rd_ day of November, 1997.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE